## Noetling v. Wallace

*Russell Machmer*, for defendant.

CUMMINGS, J., March 1, 1943.—On December 21, 1942, Clyde M. Smith, alderman of the Second Ward of Sunbury, Pa., rendered judgment in favor of plaintiff and against defendant, in the sum of $88.25, together with costs of suit.

On January 8, 1943, defendant issued a writ of certiorari, commanding the said alderman to certify his record to the Court of Common Pleas of Northumberland County. The record was returned.

The exceptions filed by defendant are:

"1. The summons was issued naming M. E. Wallace as the defendant and judgment was entered by the alderman on December 21, 1942, in favor of the plaintiff, Franklin S. Noetling, and against M. E. Wallace in the sum of $88.25, whereas the statement of claim filed by Franklin S. Noetling avers that the claim is against M. E. Wallace Co. Consequently, on the face of

the record, a judgment was entered against M. E. Wallace for a claim alleged to have been owed by a different party, namely, M. E. Wallace Co., so that said judgment entered against M. E. Wallace is illegal and void.

"2. That the service of the summons by the constable is defective in that he failed to comply with clause 16, section 1 of the Act of July 9, 1901, P. L. 614."

An examination of this record discloses fatal defects. The record shows that judgment was given by default for want of an appearance on the part of defendant and failure to file an affidavit of defense to a probated statement of claim filed by plaintiff.

A bill or order, alleged to be a copy of the book entries, was filed with the alderman, together with an affidavit as follows:

"On the 5th day of December, 1942, before me, one of the aldermen in and for said county, personally came Franklin S. Noetling, trading and doing business as the Eudora Coal Company, of Trevorton, Pennsylvania, who being duly sworn according to law, deposeth and saith that the above account as stated is just and true, and that there is now due and owing to the said Franklin S. Noetling, trading and doing business as Eudora Coal Co. by M. E. Wallace Co. the sum of eighty eight dollars and twenty-five cents — — — dollars, and interest from the ———— day of ————, 19——, that he has never received the same, nor any part thereof, either directly or indirectly, by his order, consent or condition, and that the annexed account is correctly copied from the books of original entry, and that the charges therein contained, with their dates, are correct and true as stated. And further saith not."

No proof was offered before the justice of the peace, the judgment being rendered on the probated account. Therefore, there is but one conclusion—the justice rendered judgment against M. E. Wallace on an account which the affidavit alleges was due by M. E. Wallace Co. and not M. E. Wallace. Under these circumstances, the

justice entered judgment without any proof whatsoever of any moneys being due by M. E. Wallace, defendant, to plaintiff.

The second exception attacks the jurisdiction of the justice, in that the constable, to whom the summons was issued, failed to serve the same as provided by the Act of July 9, 1901, P. L. 614, which provides:

"The writ of summons . . . may be served by the sheriff of the county wherein it is issued upon an individual, defendant or garnishee, in any one of the following methods:

"(a) By handing a true and attested copy thereof to him personally; or,

"(b) By handing a true and attested copy thereof to an adult member of his family, at his dwelling house; or,

"(c) By handing a true and attested copy thereof, at his place of residence, to an adult member of the family with which he resides; or,

"(d) By handing a true and attested copy thereof, at his place of residence, to the manager or clerk of the hotel, inn, apartment-house, boarding-house, or other place of lodging at which he resides; or,

"(e) By handing a true and attested copy thereof, at his place of business, to his agent, partner, or the person for the time being in charge thereof, if upon inquiry thereat his residence in the county is not ascertained, or if for any cause an attempt to serve at his residence has failed."

Section 16 of the above act provides:

"Writs issued by any magistrate, justice of the peace or alderman shall be served in the county wherein they are issued, by the constable or other officer therein to whom given for service, in the same manner and with like effect as similar writs are served by the sheriff when directed to him by the proper court . . . "

The constable's return as disclosed by the record of the justice is: "I served the within summons upon the

within named M. E. Wallace at Sunbury, Pa., said county on the 10 day of Dec. 1942 at 4:15 o'clock p. m., by handing a true and attested copy thereof to E. W. Clark his bookkeeper at office and I also served a certified copy of the plaintiff's affidavit of claim upon said defendant at the same time and in the same manner. So answers W. M. Jones, Constable."

As suggested in the brief of counsel for defendant, it is plainly seen that the service by the constable does not come within the methods of service provided by paragraph (a), (b), (c), (d), or (e) of the Act of July 9, 1901, supra. It does not show or allege that a true and attested copy thereof "was served at his place of business, upon his agent, partner or person for the time being in charge." It does not set forth where the place served was located or whether it was the business place of M. E. Wallace, neither does it show whether the place or office where he left the summons was in or out of Northumberland County. It does not show or set forth whether the bookkeeper, to whom he gave the summons and affidavit of claim, was in charge of any place of business of M. E. Wallace at the time of service; it further fails to disclose any inquiry at the office where he served the summons with relation to the residence in Northumberland County of M. E. Wallace, nor does it disclose or show any reason for his failure to attempt to serve defendant at his residence.

The judgment in this case having been taken by default of an affidavit of defense, for want of an appearance, the defects in this service are fatal. The alleged service of the summons by the constable was no service. Therefore the alderman was without jurisdiction of defendant.

While not excepted to, an examination of the transcript of the alderman discloses an additional further defect. The transcript sets out: "Summons issued December 10th, 1942 to William M. Jones, constable, returnable the 10th day of December, 1942, between the hours of 4 o'clock p. m. and 5 o'clock p. m."

This is neither a long summons nor a short summons. There is no act of assembly authorizing an alderman to issue a summons returnable on the day of its issuance.

The record in this case discloses the alderman was without jurisdiction of the person of defendant; that he entered judgment by default on an affidavit of claim showing an amount due by someone other than defendant. The judgment of the alderman must be reversed.

Now, to wit, March 1, 1943, the exceptions filed are sustained. The judgment of the alderman is reversed and judgment is here directed to be entered against Franklin S. Noetling, plaintiff, in favor of M. E. Wallace, defendant, for costs.